# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ESTATE OF PAUL KOREN,

    *Plaintiff*,

vs.

SHERIFF JIM NEIL, *et al.*,

    *Defendants*.

Case No. 1:21-cv-9

Judge Jeffery P. Hopkins

## ORDER

On September 12, 2024, Magistrate Judge Karen L. Litkovitz issued an Order and Report and Recommendation (Doc. 45) (the "Combined Order and R&R") addressing Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 26), Plaintiff's Motion to Hold the Calendar Order in Abeyance (Doc. 27), and Defendants' Motion for Expedited Bifurcated Limited Discovery (Doc. 33). Thereafter, Defendants filed objections specific to the Magistrate Judge's resolution of Plaintiff's Motion for Leave to File an Amended Complaint (the "Motion").[1] In the R&R, Magistrate Judge Litkovitz concluded that Plaintiff's proposed amended complaint alleges sufficient facts to state a *Monell* claim against former Hamilton County Sheriff Jim Neil in his official capacity. Therefore, Plaintiff's motion for leave to amend should be granted to the extent that it seeks to allege a *Monell* claim against Neil in his official capacity. The Court will address Defendants' objections herein.

---

[1] Neither party objects to the Magistrate Judge's Combined Order and R&R relative to Plaintiff's Motion to Hold the Calendar Order in Abeyance (Doc. 27), and Defendants' Motion for Expedited Bifurcated Limited Discovery (Doc. 33), so the Court need not address those motions here.

I. **STANDARD OF REVIEW**

Section 636 of Title 18 of the United States Code establishes the jurisdiction and powers of magistrate judges and "essentially creates two different standards by which district courts review a magistrate judge's finding." *Monroe v. Houk*, No. 2:07-CV-258, 2016 WL 1252945, at *1 (S.D. Ohio Mar. 23, 2016). The first applies to dispositive matters. If a magistrate judge makes a report and recommendation on a dispositive matter, *see* § 636(b)(1)(B), and a party timely objects, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). But when no timely objections to a report and recommendation are filed, the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment); *see, e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022).

On the flip side, if a party timely objects to a magistrate judge's ruling that addresses a non-dispositive matter, *see* § 636(b)(1)(A), the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 18 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). To qualify as clearly erroneous, "'a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990) (quoting *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). Under the "contrary to law" standard, review is "plenary," and the court "'may

2

overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Gandee*, 785 F. Supp. at 686.

## II. LAW & ANALYSIS

Through the proposed amended complaint, Plaintiff attempts to "reinstate the previously-dismissed 42 U.S.C. § 1983 claims against Neil in his official and individual capacities." Doc. 45, PageID 603. On that score, the Magistrate Judge recommends that Plaintiff's purported amendment to reinstate the individual capacity claim against Neil be denied as futile. This recommendation is not in dispute by either party. What is in dispute is the Magistrate Judge's order as to the official capacity claim against Neil—*i.e.*, the *Monell* claim. As to that claim, the Magistrate Judge determined that the purported amendment would not be futile and ordered that Plaintiff's request to amend be granted in that respect. *Id.* at PageID 605–06. Defendants oppose this for two reasons: (1) the Magistrate Judge erred in determining that the amendment is sufficient to plausibly claim ratification by Neil in his official capacity and (2) the Magistrate Judge erred in determining that the amendment plausibly alleges a custom of tolerance for illegal actions with respect to the restraint chair. Doc 46, PageID 621, 625.

### A. Individual Capacity Claim

To start, neither party objects to the recommendation that Plaintiff's request to reinstate the individual capacity claim against Neil be denied. Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge on that issue and finding no clear error, the Court adopts the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72. Plaintiff's attempt to reinstate the individual capacity claim against Neil is denied as futile.

### B. *Monell* Claim

That brings us to the *Monell* claim. A plaintiff can demonstrate the existence of an illegal municipal policy or custom through: (1) the existence of an illegal official policy or legislative enactment, (2) ratification by an official with final decision-making authority, (3) the existence of a policy of inadequate training or supervision, or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Thomas v. Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Here, Plaintiff advances the *Monell* claim under the second and fourth theories. The Magistrate Judge determined that Plaintiff plausibly states a claim under both.

#### 1. Ratification

With respect to the first objection, Defendants argue that the Magistrate Judge's findings should be overturned based on binding precedent because "[t]here can be no plausible ratification claim based on the allegation that Neil adopted and ratified the Internal Affairs investigation after the alleged injury to Koren occurred." Doc. 46, PageID 623.

There are two ways for a plaintiff to show ratification: (1) when "a 'decisionmaker [who] possesses final authority to establish municipal policy with respect to the action' approves the unconstitutional conduct," and (2) when a decisionmaker fails to investigate after "multiple earlier inadequate investigations [that] concern comparable claims." *Gifford v. Hamilton Cnty.*, No. 24-5893, 2025 WL 1541805, at *3 (6th Cir. May 30, 2025) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986); *Mosier v. Evans*, 90 F.4th 541, 549 (6th Cir. 2024) (quoting *Pineda v. Hamilton County*, 977 F.3d 483, 496 (6th Cir. 2020)). Here, the Magistrate Judge appropriately considered Plaintiff's ratification claim as arising under the first method, *see* Proposed Am. Compl., Doc. 26-1, ¶¶ 74–76, and correctly decided that Plaintiff has stated a plausible *Monell* ratification claim.

4

Though Defendants attempt to draw support for their objection from *Pineda*, reliance on *Pineda* is misplaced because it concerns the second method of proving ratification, not the first.[2] *Pineda*, 977 F.3d at 495–96. In *Pineda*, the Sixth Circuit, at the summary judgment stage, reaffirmed that in municipal liability cases, "an allegation of a *single* failure to investigate a single plaintiff's claim does not suffice." *Id.* at 495 (citation omitted). Thus, to advance such a claim, a plaintiff must show "not only an inadequate investigation in this instance, but also a clear and persistent pattern of violations in earlier instances." *Id.* (quoting *David v. City of Bellevue*, 706 F. App'x 847, 853 (6th Cir. 2017) (internal quotations omitted). Because *Pineda* pertained to the second theory of ratification, the Magistrate Judge did not need to consider *Pineda* when assessing the plausibility of Plaintiff's ratification claim.

Defendants also rely on *Jocke v. Medina*, No. 22-3954, 2023 WL 5167326 (6th Cir. Aug. 11, 2023), but that case does not help them either. In *Jocke*, the plaintiffs asserted several First and Fourteenth Amendment claims. *Id.* at *2. This Court struggles to see the relevance of *Jocke*, when the plaintiffs in *Jocke* did not show that actions had been taken with the authorization of a final decision-maker, which is necessary to show ratification under the first method. *Id.* at *4–8. Here, unlike in *Jocke*, Plaintiff has plausibly alleged that Neil qualified as a decision-maker with final authority. Proposed Am. Compl., Doc. 26-1, ¶¶ 73, 75–76. As the Magistrate Judge explained, the Hamilton County Sheriff has final authority over the Hamilton County Justice Center. Doc. 45, PageID 607 (citing Ohio Rev. Code § 341.01).

Additionally, other courts have rejected Defendants' final argument that, in the case of a single decision ratification claim, "an after the fact action by a final policy maker cannot

---

[2] As the Magistrate Judge noted, the previously-assigned District Judge considered, at an earlier stage of these proceedings, Plaintiff's claims under the second theory of ratification—not the first. *See* Doc. 45, PageID 608 n.3 (citing Doc. 20, PageID 188–89).

5

create *Monell* entity liability." Doc. 46, PageID 625. For example, in *Simmons v. City of Columbus*, No. 2:24-cv-1550, 2025 WL 510059, at *4 (S.D. Ohio Feb. 14, 2025), the city defendant argued that "an investigation that occurred *after* the alleged unconstitutional conduct cannot be the moving force behind the constitutional violation." While rejecting this argument at the motion-to-dismiss stage, the court explained that the proper inquiry "is not whether the ratification caused the injury," but "whether the misconduct that caused the injury was ratified through" approval of the unconstitutional conduct. *Id.* (quoting *Davis v. City of Columbus*, No. 2:17-cv-823, 2021 WL 4399755, at *6 (S.D. Ohio Sept. 27, 2021)).

Thus, having considered the allegations in Plaintiff's proposed amended complaint, this Court finds, as did the Magistrate Judge, that Plaintiff has adequately pled a ratification theory of municipal liability. Defendants' first objection is therefore overruled.

### 2. Custom

In the second objection, Defendants argue that the proposed amended complaint does not plausibly allege a custom of tolerance for illegal actions. At the heart of that argument Defendants allege that the Magistrate Judge failed "to examine the Amended Complaint through the same lens" as the previously-assigned District Judge when that district judge considered Defendants' Motion for Judgment on the Pleadings. Doc. 46, PageID 625.

The doctrine to which Defendants refer is known as the "law of the case" doctrine. *Moses v. Bus. Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991). In *Moses*, the Sixth Circuit explained the law-of-the-case doctrine: "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Here, the Magistrate Judge did not willfully violate this doctrine. The Magistrate Judge acknowledged that the previously-

6

assigned district judge had determined that Plaintiff failed to plausibly allege a custom of tolerance for illegal actions. But the Magistrate Judge explained, "[i]n contrast to the original complaint, which the District Judge found deficient, the proposed amended complaint alleges a pattern of repeated constitutional violations." Doc. 45, PageID 611.

That said, the Court does not agree that Plaintiff's proposed amended complaint plausibly alleges a custom of tolerance for illegal actions because, in this Court's view, the allegations do not substantively modify the allegations in the original Complaint. As with Plaintiff's original allegations, the allegations in the proposed amended complaint do not remedy the deficiencies in Plaintiff's original Complaint such that the new allegations reflect "the existence of a clear and persistent pattern of illegal activity." Doc. 20, PageID 186–87 (citing *Thomas*, 398 F.3d at 430). In other words, the amended allegations do not sufficiently allege a pattern of repeated constitutional violations in a manner that substantively differs from the original allegations. Absent material changes, Defendants' objection is well-taken. Though leave to amend shall be "freely given" under Rule 15(a)(2), permitting Plaintiff's proposed *Monell* claim amendment predicated on a custom of tolerance would be futile here. *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (a proposed amendment is futile if the amendment would not survive a Rule 12(b)(6) motion to dismiss).

### III. CONCLUSION

For the above reasons, Defendants' objections (Doc. 46) are **SUSTAINED IN PART** and **OVERRULED IN PART**, and the Magistrate Judge's Combined Order and R&R (Doc. 45) is **ADOPTED IN PART** and **REJECTED IN PART**. Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 26) is **GRANTED** as to Plaintiff's proposed

7

*Monell* claim under a theory of ratification and **DENIED** in all other respects. Plaintiff is **ORDERED** to file their First Amended Complaint (Doc. 26-1) within 7 days of this Order.

    **IT IS SO ORDERED.**

January 22, 2026

                                        Jeffery P. Hopkins
                                    United States District Judge